Opinion of the court delivered by
Judge Haywood.—
The facts in this cause are substantially as follows: The plaintiff sued M’Connell in the court of pleas and quarter sessions for the county of Overton, and declared for a debt of 400 dollars upon a writing obligatory signed and sealed.
The declaration was in the usual form. M’Connell pleaded that “the said writing in the declaration was obtained from the said defendant by George M’Caslin and Caleb Shiledy and the plaintiff in this cause with them, by fraud, covin and misreprepentation. — That is to say: by the said Caleb Shiledy and George M’Caslin falsely and fraudulently representing to the defendant, that he had a patent-right to a certain machine, commonly called a spinning wheel, to them the said Caleb Shiledy and George M’Caslin to their sole use and benefit, and that they were the inventors of said machine. And the defendant in fact saith that the said Caleb Shiledy and George M’Caslin had not the said patent as they represented, nor did they have any right at all to their sole use and benefit; nor did they invent the same; and that the plaintiff well knew that the said writing was obtained by fraud, but colluded with the said Caleb Shiledy and George M’-Caslin for the purpose of making the same recoverable, and give them an opportunity to fly the country. The beneficial interest still remains in the assignors of said *34 writing. Wherefore” &c. concluding with a verification.
The plaintiff demurred generally to this plea, and there was a joinder in demurrer.
The demurrer was overruled by the county court. The cause was taken to the circuit court by writ of error, and the judgment of the county court affirmed; from whence the cause was removed to this court by a writ of error. The Supreme court reversed the judgment of the court below, and proceeded to give such judgment as the circuit court should have given; — namely, for debt, damages and costs.
When a bond is once executed by the obligor, and his assent accompanies the act, he is bound, and cannot aver a want of consideration. Powel on Contracts 332. 2d Bk Com. 446. Plowden 308. Lex Mercatoria 288. The assent is wanting where it is executed by an illiterate man to whom the contents are misread, or when the execution is obtained by duress, or when the bond is rased or altered after execution, or when the obligor is incapable of assenting. If the consideration be prohibited by the common law, and appear upon the face of the bond or in the condition spread upon the record, the court can then see, without aii averment, that the consideration is illegal and avoids the bond, as in 1st P. Wms. 181,2. 2d Strange 741. Bonds in restraint of trade are void by common law, and, that appearing in the condition spread on the record, upon oyer, the court will proceed to adjudge upon it. But where the illegality of the consideration does not appear on record, upon oyer, it cannot, at common law, be averred, unless it be a malum in se-, Fonblanque 216, note 7. 3d Ba. Ab. 703. Coke Lyt. 206. 2 B. Rep. 1109. 3d Bur. 2225. And of course being not averrable at law, the relief is then in equity, St. P. C. 78. 1st Chan. Rep. 87. 1st Strange 240. 2d Atkins 535. 1st P. Wms. 118. Salk 156. 2d Vernon 393, 588, 652. Fonblanque 216, 218, 219. 3d. Bac. Ab. 703. Equity would not interfere if the defence could be made at law, 1st Bro. Chan. Cases 125. Tol". 140. 3d P. Wms. 393. Some of the cases where equity will thus interpose, are bonds taken by at *35 torneys from clients in duress, 2d Atkins 31, or marriage brokage bonds to retain part of the wife’s portion, or for using influence over a devisor, or in restraint of trade, or bonds from young heirs, or obtained by unfair play, or by a contrivance between two to draw in a third as surety, or by a servent friend, which servent was to secure him from imposition, or by lending a poor man money to assist him in a law suit, and taking a bond from him for a much larger sum, taking an advantage of his necessity, or where a bond is given upon a contract to elude a law for the public good. All these are against the policy of the law. Equity will also interpose where the consideration is against the rules of decency or the dictates of morality, as in case of a bond for cohabitation, or premium pudoris; such bonds are void both in law and equity; but must be set aside in equity where the illegality does not appear upon the face of the bond, or in the condition, or where, though it do appear in the condition, it is not put in the record. 2d Bl. Rep. 1109. If the consideration be a ma-lum prohibitum, the statute which prohibits, as it would be ineffectual without allowing of an averment, is therefore understood to make such an allowance, as a mean through which the end of the statute is to be obtained; as in case of usury, gaming and many others; but at the common law, where the consideration is a malum in se, as suppression of evidence in a prosecution pending, because of the odiousness of the consideration, the averment at law is allowed, 4th Bur. 2069, 2070,2072. 2d Wilson 347. And in no other case can the objectionable matter be adduced by averment; the malum in se, which can be averred as the consideration, must be such matter as makes the bond void, and the plea concludes, “and so the supposed writing is void.”
Does the case relied on in 3d Term Rep. 438, fall under any of these divisions? It is only the case of a dependent covenant, where the consideration appeared of record; and by averment it appeared that the consideration failed. The averment of the consideration was not made by the defendant; it appeared in the face of the in *36 strument declared on. If I, by deed, agree to give you ;i thousand dollars for such a tract of land, and in fact you have no title to it, but yet sue me for the thousand dollars, and set out the. whole deed, and thereby shew the consideration, may I not shew a failure of the consideration, by shewing that you had no title to the tract? That is the principle oí the case relied on. But in the case before the court, the consideration cannot appear but by an averment of it, on the part of the defendant, and does not appear on the face of the instrument declared on. A misrepresentation of the contents of the writing, or misreading, makes the writing void for want of assent: but that is wholly different from an assent freely given upon a full and correct understanding of the contents, though such assent be procured by misrepresentation. For, the latter, admitting a legal execution, seeks to avoid it by an averment which the writing, being sealed, forbids; and is actually incompatible with the conclusiveness which the parties have agreed to impart to the instrument.